TJS:EDP
F.#2014R00236

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SHU YONG YANG,
JIA BIN JIANG,
JUN FENG,
HAN WOON NG and
RONG WEI YANG,

　　　　　　　　Defendants.

- - - - - - - - - - - - - -X

INDICTMENT

CR 14    387

(T. 18, U.S.C., §§ 922(a)(1)(A),
924(a)(1)(D), 924(d), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 841(b)(1)(A)(viii),
841(b)(1)(C), 846, 853(a) and 853(p); T.
28, U.S.C., § 2461(c))

BRODIE, J.

LEVY, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Dealing in Firearms)

1. In or about and between February 2014 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SHU YONG YANG and JIA BIN JIANG, not being licensed importers, licensed manufacturers or licensed dealers in firearms, did knowingly and willfully engage in the business of dealing in firearms.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

2

## COUNT TWO
(Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine)

2. In or about and between July 2013 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SHU YONG YANG, JIA BIN JIANG, JUN FENG, HAN WOON NG and RONG WEI YANG, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

3. With respect to the defendants SHU YONG YANG, JIA BIN JIANG and RONG WEI YANG, the amount of methamphetamine, its salts, isomers, and salts of its isomers involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(viii) and 841(b)(1)(C); Title 18, United States Code, Section 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

4. The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of the offense charged, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit

3

any firearm or ammunition involved in or used in any knowing violation of section 922(a)(1)(A), including but not limited to a Star 9mm pistol with serial number 1790588.

    5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

    6.    The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of the offense charged, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds

4

obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R00236

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

SHU YONG YANG, JIA BIN JIANG, JUN FENG, HAN WOON NG
and RONG WEI YANG,

*Defendants.*

# INDICTMENT

(T. 18, U.S.C. §§ 922(a)(1)(A), 924(d), 924(a)(1)(D), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), 846, 853(a)
and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ /s/ Teresa Wright Joseph _____

*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

*Clerk*

Bail, $ _____

*Erik D. Paulsen, Assistant U.S. Attorney (718) 254-6135*