# Bloomberg

Bloomberg L.P.  731 Lexington Ave  Tel +1 212 617 3671
New York, NY 10022  kkriegman@bloomberg.net

May 2, 2016

**VIA ECF**

The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>United States v. Feng, Docket No. 1:14-CR-00387-MKB</u>

Dear Judge Brodie:

  I am writing to Your Honor on behalf of Bloomberg News, an accredited and global newsgathering organization. I write respectfully to request that the Court consider whether any part of the government's Letter to the Court in this matter, filed on April 22, 2016 (the "Sealed Letter") (Docket # 155), can be made public.

  While there is no indication on the docket of the Sealed Letter's subject matter, it was filed just minutes after another filing by the government.  That public filing informed the Court that the government was withdrawing its application for an order compelling Apple to assist law enforcement agents in the execution of a search warrant to gain access to Mr. Feng's phone.  *See* Docket #154.  The timing of the Sealed Letter suggests that it may provide more expansive information on the same subject. Given the high level of interest in the government's dispute with Apple over access to its devices, any additional information shedding light on how the government was able to access the phone, or why it dropped its request so abruptly after pressing for access for more than 6 months, would be strongly in the public interest and invaluable to the public discussion of these issues.

  Depending on the contents and purpose of the Sealed Letter, the public may have a presumptive right of access.  Certain judicial documents, for example, are subject to a "qualified First Amendment right" of public access.  *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 91 (2d Cir. 2004).  The right of access "derives from the public nature of particular tribunals" and applies to "written documents submitted in connection with judicial proceedings that themselves implicate the right of access." *Id.* at 93.  In order to determine whether the First Amendment right of access applies, the Court may look to see whether the underlying proceeding has "historically been open to the press and general public" and whether "public access plays a significant positive role in the functioning of the particular process in question."  *Id.* at 92 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)).  If the Court concludes that a qualified First Amendment right of access applies, the Sealed Letter may remain sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve

BLOOMBERG, BLOOMBERG PROFESSIONAL, BLOOMBERG MARKETS, BLOOMBERG NEWS, BLOOMBERG ANYWHERE, BLOOMBERG TRADEBOOK, BLOOMBERG BONDTRADER, BLOOMBERG TELEVISION, BLOOMBERG RADIO, BLOOMBERG PRESS and BLOOMBERG.COM are trademarks and service marks of Bloomberg Finance L.P., a Delaware limited partnership, or its subsidiaries. The BLOOMBERG PROFESSIONAL service (the "BPS") is owned and distributed locally by Bloomberg Finance L.P. (BFLP) and its subsidiaries in all jurisdictions other than Argentina, Bermuda, China, India, Japan and Korea (the "BLP Countries"). BFLP is a wholly-owned subsidiary of Bloomberg L.P. ("BLP"). BLP provides BFLP with all global marketing and operational support and service for these products and distributes the BPS either directly or through a non-BFLP subsidiary in the BLP Countries.

**Bloomberg**

higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 8238 F.2d at 116 (internal quotation marks omitted). The public also has a presumptive common law right of access to judicial documents "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). If the Court determines that the Sealed Letter is a judicial document such that the common law presumption of access applies, it must determine the weight of that presumption and balance any competing considerations against it. *Id.* Any restrictions on access must be supported by specific, on the record findings. *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995).

Even if the filing is not a "judicial document," the public's access rights may still be implicated. For example, if a submission contains discovery materials or relates to a discovery dispute, the party seeking to keep such materials sealed under a protective order or otherwise "has the burden of showing that good cause exists" for such sealing. *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987), *cert. denied*, 484 U.S. 953 (1987). "It is equally apparent that the obverse is also true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection." *Id.*

While we do not wish to burden the Court unnecessarily, this case implicates issues that are of significant interest to our readers. We therefore respectfully request that the Court keep these principles in mind in evaluating whether there is any portion of the Sealed Letter that can be provided to the public and, if not, whether it would be appropriate for the Court to provide its rationale for allowing the continued sealing of the Sealed Letter.

                      Respectfully submitted,

                      /s/
                      Katherine Kriegman Graham
                      Newsroom Counsel, Bloomberg L.P.

Cc:    All counsel of record (by ECF)

BLOOMBERG, BLOOMBERG PROFESSIONAL, BLOOMBERG MARKETS, BLOOMBERG NEWS, BLOOMBERG ANYWHERE, BLOOMBERG TRADEBOOK, BLOOMBERG BONDTRADER, BLOOMBERG TELEVISION, BLOOMBERG RADIO, BLOOMBERG PRESS and BLOOMBERG.COM are trademarks and service marks of Bloomberg Finance L.P., a Delaware limited partnership, or its subsidiaries. The BLOOMBERG PROFESSIONAL service (the "BPS") is owned and distributed locally by Bloomberg Finance L.P. (BFLP) and its subsidiaries in all jurisdictions other than Argentina, Bermuda, China, India, Japan and Korea (the "BLP Countries"). BFLP is a wholly-owned subsidiary of Bloomberg L.P. ("BLP"). BLP provides BFLP with all global marketing and operational support and service for these products and distributes the BPS either directly or through a non-BFLP subsidiary in the BLP Countries.